```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                    **Civil Action No. 2:22-cv-00056**

**ONE 2013 WHITE CADILLAC ATS,**

        **Defendant.**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is the United States of America's Application for Default Judgment and Final Order of Forfeiture as to One 2013 White Cadillac ATS, filed on September 14, 2022, arising out of an investigation into methamphetamine trafficking.  ECF No. 10.

I.  Background

On February 1, 2022, the United States filed a Verified Complaint of Forfeiture, alleging that the defendant property is subject to civil forfeiture under the Controlled Substances Act.  Ver. Compl., ECF No. 1.  The allegations underpinning the government's complaint are brief but straightforward.  The government alleges that the defendant property was seized on July 31, 2020, from 4303 Venable Avenue in Charleston, West Virginia as part of an investigation into methamphetamine trafficking.  <u>Id.</u> ¶ 9.  Inasmuch as the

defendant property "was purchased with cash that constitutes proceeds of the illegal sale of controlled substances," it is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). Id. ¶¶ 8, 9.e. The Clerk issued a Warrant of Arrest and Notice in Rem on the same date this action was initiated. ECF No. 2.

On March 24, 2022, the government published notice of this action on an official government forfeiture site, http://www.forfeiture.gov, for 30 consecutive days. ECF No. 4. Interested persons were informed of a 60-day period in which to file a claim, id., and none did so. ECF No. 10 ¶ 13.

On June 9, 2022, the government sent direct notice to a potential claimant, Mr. Colin Webb. Notice of Forfeiture Action, ECF No. 5. Notice was sent via certified mail to Mr. Webb at 6629 Roosevelt Avenue in Charleston, West Virginia, and to the law office of his counsel, Mr. Connor Robertson, in Hurricane, West Virginia. Id. at 4. The subject line of the notice is "United States v. One 2013 White Cadillac ATS Civil Action No. 2:22-cv-00056." Id. The notice informs Mr. Webb of the date of notice (June 9, 2022); the deadline for filing a claim (July 15, 2022); the deadline for filing an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure; and the name of the government attorney to be served. Id., Att. 1. Mr. Webb did not file a claim, answer, or Rule 12 motion.

The United States filed an Application for Entry of Default "against would-be-claimant, Collin Webb,"[1] on July 21, 2022.[2] ECF No. 6. On July 28, 2022, the Clerk entered default against "Collin Webb" pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 7.

In a related criminal action, on April 28, 2022, Mr. Webb pleaded guilty to a violation of 21 U.S.C. § 841(a)(1). Criminal Case No. 2:22-cr-00053, ECF No. 21. A plea agreement entered into between Mr. Webb and the United States on April 28, 2022, contains the following provision:

> "ABANDONMENT OF PROPERTY. Mr. Webb hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain property seized from him at the time of the execution of two search warrants on or about July 31, 2020, at residences associated with Mr. Webb located at 4303 Venable Avenue and 6629 Roosevelt Avenue in Charleston, West Virginia, that is, a 2013 White

---

[1] This spelling of Mr. Webb's first name appears to be incorrect. Mr. Webb's first name is spelled in another of the government's filings as "Colin." See ECF No. 5. Mr. Webb is also referred to as "Colin Webb" in a related criminal case. Criminal Case No. 2:22-cr-00053.
[2] In support of its application for entry of default, the government represents that, "a Verified Complaint of Forfeiture was filed by the United States against the above-referenced defendant currency." ECF No. 6, at ¶ 1 (emphasis added). Apart from this reference to currency, the application otherwise accurately refers to the defendant property. Id. at 1-2.

> Cadillac ATS bearing W. V. registration 2WL602 Vin#(1G6M5RA1D0152212), a 2011 White Mercedes C300 bearing Tennessee registration 2011YZ Vin# (WDDGF8BB2BR180872), a Silver Lorcin .380 semiautomatic handgun and related ammunition which were seized by law enforcement on that date. The property hereby abandoned by the defendant will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law."

Id. at ¶ 5. Mr. Webb was sentenced in the criminal action on October 13, 2022.

## II. Discussion

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions apply to "forfeiture actions in rem arising from a federal statute." Fed. R. Civ. P. Supp. R. A(1)(B). In addition, the Federal Rules of Civil Procedure apply "except to the extent that they are inconsistent with these Supplemental Rules." Fed. R. Civ. P. Supp. R. A(2).

### A. Default Judgment

Under Federal Rule of Civil Procedure 55, entry of a default judgment proceeds in two steps. Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 130 (4th Cir. 2020); Fed. R. Civ. P. 55(a)-(b). First, the clerk must enter default if it is shown,

4

"by affidavit or otherwise," that a "party against whom a judgment for relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a); see also Fidrych, 952 F.3d at 130.  A defendant in default admits well-pleaded factual allegations in the complaint.  See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Next, in cases not involving a sum certain or a sum that can be made certain, a party must apply to the court for entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  The court must then determine whether well-pleaded allegations support the relief sought in the motion for default judgment.  See Ryan, 253 F.3d at 780.

### B.   Forfeiture Actions in Rem

"Rule G [of the Supplemental Rules] generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA)."  Fed. R. Civ. P. Supp. R. G advisory committee's note to 2006 adoption.  Supplemental Rule G(2) sets forth pleading requirements applicable to forfeiture actions in rem arising from a federal statute.  Fed. R. Civ. P. Supp. R. G(2)(a)-(f).  The plaintiff must file a verified complaint addressing subject matter jurisdiction, in rem jurisdiction over the defendant property, and venue; state where a seizure of

tangible property occurred; and identify statutory authority for bringing a forfeiture action.  See Fed. R. Civ. P. Supp. R. G(2)(a)-(e).  Additionally, the Supplemental Rules require pleading "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Fed. R. Civ. P. Supp. R. G(2)(f).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, the government may not deprive a person of property without due process.  U.S. Const. amend. V.  Most basically, "individuals must receive notice and an opportunity to be heard before the Government deprives them of property."  See United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993).  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).  Consistent with this requirement, Supplemental Rule G sets forth procedures for providing notice in civil forfeiture actions.  See United States v. $8,500.00 in U.S. Currency, Civ. A. No. 1:08cv1103, 2009 WL 1252379, at *3 (E.D. Va. May 5, 2009) ("Rule G(4)(b) of the Supplemental Rules of

6

Civil Procedure mirrors this requirement, providing for notice to be 'sent by means reasonably calculated to reach the potential claimant.'") (quoting Mullane, 339 U.S. at 314). Pursuant to Supplemental Rule G(4)(b), the government must provide direct notice "to any person who reasonably appears to be a potential claimant." Fed. R. Civ. P. Supp. R. G(4)(b).

### III. Analysis

The government is not required to plead all facts and evidence at its disposal, United States v. $22,173.00, 716 F.Supp.2d 245, 248 (S.D.N.Y. 2010), and the court, at this stage, does not require proof from the government. Cf. 18 U.S.C. §983(a)(3)(D) ("No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."). Concerning the defendant property, the government alleges that the vehicle was bought for cash whose source was the distribution of controlled substances. Ver. Compl. ¶ 9. The vehicle was seized as part of an investigation into methamphetamine trafficking. Id. The government's application for default judgment expands upon these allegations. Appl. for Default J. and Final Order of Forfeiture, ECF No. 10. The government asserts that Mr. Webb "possessed no income from legal means to purchase defendant vehicle," and that the source

of income used to purchase the vehicle was the distribution of controlled substances. Id. ¶ 10. The government also relates Mr. Webb's conviction for drug trafficking and his plea agreement wherein he abandoned his interest in a 2013 White Cadillac ATS. Id. at ¶¶ 7, 8. Based upon the foregoing, the court is satisfied that the government is entitled to default judgment. See Ryan, 253 F.3d at 780.

The government also provided adequate notice. The government first provided publication notice in accordance with Supplemental Rule G(4)(a). See Fed. R. Civ. P Supp. R. G(4)(a). Thereafter, the government sent a notice of forfeiture to Mr. Webb and to his attorney. ECF No. 5. The subject line of the notice plainly refers to the defendant property and provides the civil action number for this case. Id. Of significance to the court's analysis of this issue is the fact that Mr. Webb abandoned any interest in the defendant property and authorized the government to dispose of the defendant property pursuant to the plea agreement dated April 28, 2022. It appears, then, that Mr. Webb has no interest in the defendant property. Inasmuch as notice was adequately provided, and no claims, answers, or other motions were filed in this action by potential claimants, the defendant property is forfeited to the government.

IV. Conclusion

In consideration of the foregoing, the court GRANTS the government's application for default judgment and final order of forfeiture.

It is, accordingly, ORDERED that the defendant property is FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6) for disposition according to law.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

ENTER: December 15, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge